**William WEIR, Plaintiff–Appellant,**

v.

**GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,**
Defendant–Appellee.

No. 09–1923–cv.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2009.

Richard T. Sullivan, Harris Beach PLLC, Buffalo, NY, for Plaintiff–Appellant.

Edward Cerasia II, Christie Del Rey–Cone, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant–Appellee.

Present: AMALYA L. KEARSE, DEBRA ANN LIVINGSTON, Circuit Judges, and ROSLYNN R. MAUSKOPF,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant William Weir appeals from a March 30, 2009, 2009 WL 899437, order of the United States District Court for the Western District of New York (Curtin, *J.*), granting the motion of Defendant–Appellee Guardian Life Insurance Company of America ("Guardian") for summary judgment, and dismissing Weir's claims seeking reformation of his Special Agreement of Agency (the "Retired Special Agent Agreement") and his reinstatement as a Field Representative ("FR") of Guardian.

Weir argues that the Retired Special Agent Agreement was the product of mutual mistake, in that a computer error attributable to Guardian caused the lapse of certain insurance policies from which Weir derived compensation as an FR. Weir asserts that, in order to mitigate this

---

reduction in his income, he elected to terminate his FR Agreement, resign as an active representative, and enter into a Retired Special Agent Agreement with Alliance Advisory Group, Inc. ("Alliance"), a general agency of Guardian. When Weir subsequently learned of the error, he requested reinstatement as an active FR, but his request was denied. We assume the parties' familiarity with the remaining facts in this case and the proceedings in the district court.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Under New York law, "[f]or a party to be entitled to reformation of a contract on the ground of mutual mistake, the mutual mistake must be material, i.e., it must involve a fundamental assumption of the contract." *True v. True,* 63 A.D.3d 1145, 882 N.Y.S.2d 261, 263 (2d Dep't 2009). "Proof of the variance between the meeting of the minds and its expression in the writing must be clear." *Surlak v. Surlak,* 95 A.D.2d 371, 466 N.Y.S.2d 461, 476 (2d Dep't 1983) (citing *George Backer Mgmt. Corp. v. Acme Quilting Co.,* 46 N.Y.2d 211, 413 N.Y.S.2d 135, 385 N.E.2d 1062, 1066 (1978)).

For substantially the same reasons as the district court, we find that summary judgment was appropriate. The Retired Special Agent Agreement expressly indicates that "Guardian ... is not a party to this Agreement except to the extent of its endorsement." As the district court noted, because the agreement specifically indicates that Guardian is not a party, Weir cannot, as a matter of law, show that he and Guardian have "a real and existing agreement on particular terms and subse-

quently find themselves signatories to a writing that does not accurately reflect that agreement." *See Harris v. Uhlendorf,* 24 N.Y.2d 463, 301 N.Y.S.2d 53, 248 N.E.2d 892, 894 (1969). The court was powerless to order reformation of an agreement between Weir and Alliance on the basis of any misunderstanding shared by Weir and Guardian, as Guardian was not a party to that agreement.

Weir's effort to circumvent this fact by arguing that Guardian was an "agent" of both Weir and Alliance during the execution of the Retired Special Agent Agreement is unavailing. Relying upon *Hadley v. Clabeau,* 140 Misc.2d 994, 532 N.Y.S.2d 221 (Sup.Ct.1988), he continues to suggest on appeal that, like the attorney who represented both parties in that case's real estate transaction, Guardian was responsible for a mistake imparted to both of the contracting parties, and relied upon by them in reaching their agreement. Given that Weir produced no evidence to suggest that Guardian actually functioned in this agency role, or that Guardian's error affecting his future compensation in any way factored into the terms and conditions of the Retired Special Agent Agreement, the district court correctly granted summary judgment in Guardian's favor.

We have considered all of Weir's remaining arguments and determined them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.